UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMETT TAYLOR,

    Plaintiff,

-vs-

THE COUNTY OF CALHOUN, CONSERVATION
OFFICER JASON McCULLOUGH, SGT. TIM
HOWELL, DEPUTY BRAD HALL, SGT. PAESENS,
DET. HOMMINGA, SGT. YOUNG, DEPUTY FROMMERT,
INVESTIGATOR C. SMITH, SUPERVISOR A. MATTENS,
LT. CHRIS YOUNG and John Does 1-5.

    Defendants.

---

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
michael@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

1

Plaintiff Emmett Taylor by and through his attorneys, Marko Law, PLLC, states the following Complaint for damages against Defendants County of Calhoun (hereinafter "the County") Conservation Officer Jason McCullough, Sergeant Tim Howell, Deputy Brad Hall, Sergeant Paesens, Detective Homminga, Sergeant Young, Deputy Frommert, Investigator C. Smith, Supervisor A. Mattens, Lieutenant Chris Young, and John Does 1-5.

## NATURE OF ACTION

1. Defendants abused the trust given to them as law enforcement officers when they placed handcuffs too tight on Plaintiff Taylor's wrist, ignored his complaints about the tight handcuffs, forced Taylor into the freezing cold weather wearing nothing but underwear, locked him inside their cruiser for eight hours, and forced Taylor to urinate on himself.

2. Taylor brings this civil action arising under 42 U.S.C. § 1983, which provides that any officer who deprives a citizen of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

4. Venue is proper in the Eastern District of Michigan, Southern Division pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the County of Calhoun, State of Michigan.

5. At all times relevant herein, Plaintiff resided in and was a citizen of the County of Livingston, State of Michigan.

6. The incident giving rise to this case occurred in the County of Calhoun, State of Michigan.

7. Defendants, at all times relevant, acted under color of state law and is a "person" for purposes of a 42 U.S.C. § 1983 action.

8. At all times relevant herein, Defendants acted under color of state law including statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan.

## FACTUAL BACKGROUND

9. Defendants raided Taylor's house over alleged poaching violations.

10. Sometime before November 1, 2020, Kelly Grace shot a deer on her property, 3995 and/or 3987 3½ Mile Road in Calhoun County.

11. Conservation Officer Jason McCullough of the Department of Natural Resources falsely accused Taylor of poaching.

12. McCullough called the Calhoun County Sheriff's Office in reference to the alleged poaching violations. McCullough requested assistance from the Calhoun County Special Response Team to serve search warrants on 3995 and 3987 3½ Mile Road in Calhoun County.

13. On or about November 1, 2020, Defendants Smith and Mattens assisted the Special Response Team with the execution of 3987 3½ Mile Road.

14. At the same time, Taylor was fast asleep in his bed.

15. The officers kicked in Taylor's door without warning.

16. Taylor immediately put his hands in the air. Taylor did not pose an immediate threat to the safety of the police officers or others.

17. Without hesitation, a single gunshot rang out. Taylor cringed at first believing the officers shot him. Stunned, he looked over and saw blood pouring out of his dog's neck. An officer said, words to the effect, "Look what you made me do."

18. Defendants killed his dog.

19. The officers then forcefully grabbed Taylor, threw him to the ground, and handcuffed him.

20. Taylor did not actively resist or attempt to evade the officers by flight.

21. It is important for every law enforcement officer to know the proper use of handcuffs and the importance of checking cuffs for tightness.

22. Defendants applied the handcuffs too tightly, causing bruising and permanent nerve damage.



**(Calhoun County Caused Nerve Damage)**

23. Taylor complained the handcuffs were too tight.

24. Defendants ignored Taylor's complaint.

4

25. Defendants told Taylor to shut up and comply with orders.

26. Defendants failed to check the handcuffs for tightness.

27. The officers forced Taylor, wearing nothing but underwear, out of his house and into the freezing cold weather.

28. The officers shoved Taylor into the back of a Calhoun County Sheriff's car.

29. The officers left Taylor in the Calhoun County Sheriff's car for close to eight hours.

30. The officers forced Taylor to urinate on himself because they never checked on him.

31. The officers left Taylor in those tight handcuffs for eight hours.

32. Taylor's hands turned black due to bruising and the lack of circulation.

**33.** On or about April 25, 2022, Taylor's doctor placed him on limited work restrictions, advising him not to lift more than 15 pounds and avoid repetitive wrist movements and lifting.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. §1983 – VIOLATION OF THE 4TH AND 14TH AMENDMENTS

34. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by the Defendants, as well as the right to be free

from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

36. The degree of force used by the Defendants was objectively unreasonable and excessive in light of the circumstances.

37. The conduct of the Defendants in using excessive force violated Plaintiff's rights under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

38. On November 1, 2020, Defendants handcuffed, and detained Plaintiff Taylor based on his brother's transgressions.

39. Taylor did not present a danger to the Defendants.

40. There was no lawful reason to apply the handcuffs so tight, force Taylor into the freezing weather, to sit in the police cruiser for eight hours, and force Taylor to urinate on himself.

41. At all times relevant, Defendants, acting under color of law, were required to obey the laws of the United States including those laws identified and described in the 4th Amendment to the United States Constitution.

42. As a citizen of the United States, the Fourth Amendment to the Constitution protected Plaintiff against the use of excessive force.

43. As a result of Defendants' excessive force, Plaintiff suffered serious and permanent nerve damage.

44. The nerve damage resulted directly from the handcuffs being placed on his wrist too tightly and without being properly checked by Defendants.

6

45. The excessive force was objectively reasonable in light of the facts and circumstances at the time because Plaintiff's hands bruised and turned black from lack of blood supply.

46. The conduct of the Defendants violated 42 U.S.C. §1983.

47. By violating Plaintiff's constitutional right under the Fourth Amendment, Defendants acted intentionally or with deliberate indifference and/or with reckless disregard of Plaintiff's constitutional rights.

48. The constitutional right which the Defendants violated was clearly established at the time that the violation occurred and a reasonable person in the Defendants' position would have understood that the conduct violated said right.

49. Defendants ignored Taylor's complaints about the handcuffs being too tight.

50. Defendants are therefore not entitled to qualified immunity.

51. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

    a.    Nerve damage;

    b.    Physical pain and suffering and discomfort, past, present, and future;

    c.    Mental anguish;

    d.    Fright and shock;

    e.    Denial of social pleasures and enjoyment;

    f.    Embarrassment, humiliation, or mortification;

    g.    Medical bills and expenses;

    h.    Other economic loss;

   i. Any and all injuries later discovered or otherwise allowed under Michigan law.

52. By virtue of the Defendants' actions, Plaintiff is entitled to recover compensatory and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest, and attorney fees as well as punitive, exemplary, or hedonic damages or any other damages available under the law.

## COUNT II
## FAILURE OF A LAW-ENFORCEMENT OFFICER TO INTERVENE IN USE OF EXCESSIVE FORCE

53. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

54. Any law-enforcement officer who, while in the performance of his official duties, witnesses another law-enforcement officer engaging or attempting to engage in the use of excessive force against another person must take action to protect the victim.

55. Defendants were aware that a fellow officer violated or was about to violate Taylor's Constitutional rights.

56. Defendants placed the handcuffs too tightly on Taylor.

57. Taylor complained to the officers about the handcuffs being too tight.

58. Defendants ignored Taylor's complaint.

59. Defendants failed to take action to protect Taylor.

60.     Defendants had the opportunity and means to intervene because Defendants left Taylor handcuffed for nearly eight hours. Given the length of time, the excessive force lasted long enough for Defendants to perceive what was going on to intercede to stop it.

61.     Per departmental policy, officers were required to double lock the cuffs and check for tightness.

62.     Per departmental policy, officers were required to check the cuffs if the Taylor complained they are too tight.

63.     Therefore, the officers were aware of the Constitutional violation, had an opportunity to intervene, and chose not to do so.

64.     As a result of Defendants' excessive force, Plaintiff suffered serious and permanent nerve damage.

65.     The nerve damage resulted directly from the handcuffs being placed on his wrist too tightly and without being properly checked by Defendants.

66.     The excessive force was objectively reasonable in light of the facts and circumstances at the time because Plaintiff's hands bruised and turned black from lack of blood supply.

67.     By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

    a.    Nerve damage;

    b.    Physical pain and suffering and discomfort, past, present, and future;

    c.    Mental anguish;

    d.    Fright and shock;

9

    e.    Denial of social pleasures and enjoyment;

    f.    Embarrassment, humiliation, or mortification;

    g.    Medical bills and expenses;

    h.    Other economic loss;

    i.    Any and all injuries later discovered or otherwise allowed under Michigan law.

68. By virtue of the Defendants' actions, Plaintiff is entitled to recover compensatory and punitive damages.

## COUNT III
### (*Monell* Claim)
### FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, CUSTOMS AND PRACTICES AND FAILURE TO SUPERVISE/DELIBERATE INDIFFERENCE
### (County of Calhoun)

69. Plaintiff hereby re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully stated herein.

70. A municipality may be held liable when execution of a government's policy or custom (or lack thereof) inflicts injury and there is a link between the policy and constitutional violation.

71. Calhoun County, in its representative and official capacity, had a custom and policy regarding the proper application of handcuffs.

72. Calhoun County owed Plaintiff Emmett Taylor certain duties to properly supervise, monitor and train its officers and staff so as to properly apply and check handcuffs.

73. Calhoun County failed to properly supervise, monitor, and train its officers and staff so as to properly apply and check handcuffs.

74. In the alternative, Calhoun County, in its representative and official capacity, lacked a custom and policy regarding the proper application of handcuffs.

75. As a result of Calhoun County's failure to properly supervise, monitor, and train its officers and staff regarding the proper application of handcuffs, Defendants unjustifiably used excessive force against Plaintiff Taylor.

76. In the alternative, Defendants unjustifiably used excessive force against Plaintiff Taylor due to the lack of Calhoun County's custom or policy regarding proper application of handcuffs.

77. Defendant is not protected by governmental immunity when following a policy (or lack thereof) that deprives individuals of their constitutional rights. *Monell v N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 692 (1978).

78. Defendant breached these duties via its policies, procedures, regulations, customs and/or lack of training (or lack thereof) and thus exhibited a reckless indifference toward the citizens of Calhoun County, and Mr. Richey specifically.

79. As a direct and proximate result of the above cited violations of Taylor's civil rights by Defendants, Taylor has and will continue to suffer damages in the future, including, but not limited to:

    a. Nerve damage;

    b. Physical pain and suffering and discomfort, past, present, and future;

    c. Mental anguish;

11

  d.  Fright and shock;

  e.  Denial of social pleasures and enjoyment;

  f.  Embarrassment, humiliation, or mortification;

  g.  Medical bills and expenses;

  h.  Other economic loss;

  i.  Any and all injuries later discovered or otherwise allowed under state or federal law

## COUNT IV
### UNLAWFUL SEIZURE VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES AND ATTORNEY'S FEES

80. Plaintiff reincorporates and realleges paragraphs 1 through 23.

81. The Fourth Amendment of the United States Constitution, U.S. Const. amend. IV, prohibits the government from unreasonably seizing a citizen's property.

82. "The destruction of property by state officials poses as much of a threat, if not more, to people's right to be 'secure . . . in their effects' as does the physical taking of them." *Fuller v. Vines*, 36 F.3d 65, 68 (9th Cir. 1994).

83. Citizens have a Fourth Amendment property right in their pets under the United States Constitution. *San Jose Charter of the Hell's Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 977-78 (9th Cir. 2005*); Brown v. Battle Creek Police Department*, 844 F.3d 556, 568 (6th Cir. 2016).

84. Additionally, the Sixth Circuit has determined that an individual has a property right in their pets. *Brown*, 844 F.3d at 567.

85. In addition to individuals simply having a property right in their pets, pets are more than just a personal effect. *San Jose*, 402 F.3d at 975.

86. The emotional attachment to a pet is not comparable to a possessory interest in furniture or other inanimate property. *Id.*

87. Plaintiff Taylor's Fourth Amendment interests involved are important and significant because his relationship with the dog was continuous and emotionally fulfilling, which was akin to an emotional relationship, rather than a property relationship.

88. Defendants' actions described herein were intentional, grossly negligent, amounted to reckless or callous indifference to Plaintiff's constitutional rights.

89. Defendants' killing of Plaintiff Taylor's dog was objectively unreasonable.

90. There were no exigent circumstances that excused or warranted Defendants to immediately shoot Plaintiff Taylor's dog.

91. There was no governmental interest that justified the search and/or seizure involved in this case when Plaintiff Taylor's dog was tragically shot and killed by Defendants.

92. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Doe in his individual capacity, which includes "damages for the emotional distress suffered by Plaintiffs . . . and any other injury that is the result of . . . the unlawful seizure of Plaintiffs'" dogs. *Moreno v. Hughes*, 157 F.Supp.3d 687, 692 (E.D. Mich. 2016).

13

93. The individual Defendant's actions were a) reckless; b) showed callous indifference toward the rights of Plaintiff; and c) were taken in the face of a perceived risk that the actions would violate federal law.

94. Plaintiff Taylor is entitled to an award of punitive damages against Defendant in his individual capacity, in order to punish him and to deter others.

95. Under 42 U.S.C. § 1988, if Plaintiff's action succeeds, he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses, and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendants in their individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT V
### VIOLATIONS OF CIVIL RIGHTS 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT AGAINST DEFENDANT CALHOUN COUNTY FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES AND ATTORNEY'S FEES

96. Plaintiff realleges and reincorporates paragraphs 1 through 39.

97. The County utterly failed to properly hire, train, and supervise Defendant Doe.

98. The County exhibited deliberate indifference to the rights of others when it failed to properly hire, train, and supervise Defendant Doe.

99. The County's failures showed a deliberate choice by Defendant Calhoun County when it had other alternatives to choose from that would have protected the rights of others. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

100. The County directly and proximately caused the death of Plaintiff Taylor's dog because it failed to hire train and supervise Defendants adequately and properly.

101. The importance of proper training, hiring and supervision is so necessary and important for the safety of other Officers, the public, and other dogs that willful disregard for such properly training, hiring and supervision can reasonably be determined to have been deliberately indifferent to such a vital need.

102. But for the County's failure to properly hire, train and supervise Defendant Doe, the damages to Plaintiff Taylor and the constitutional violations of Doe would not have occurred.

103. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against the County.

104. Under 42 U.S.C. § 1988, if Plaintiff's action succeeds, then he will be entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff prays for judgement under 42 U.S.C. § 1983 and 1988 against the County for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees and other expenses and relief as may be just consistent with 42 U.S.C. § 1983.

## COUNT VI
## CONVERSION

105. Plaintiff realleges and reincorporates paragraphs 1 through 48.

106. Conversion is "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 486 (1992).

107. Defendants shot and killed Plaintiff Taylor's Dog.

108. That by needlessly and wrongfully shooting and killing Plaintiff Taylor's dog, Defendants' actions were a distinct act of dominion wrongfully exerted over Plaintiff Taylor's personal property, his dog, which was a denial of his rights.

WHEREFORE, pursuant to MCL § 600.2919(a), Plaintiff requests relief, judgment and award of all reasonable costs, interest, and attorney's fees consistent with the statutory provisions.

## DEMAND FOR RELIEF

Plaintiff requests that this Court a) assert jurisdiction over this matter; b) enter judgment in favor of Plaintiff and against Defendants; c) award Plaintiff compensatory and punitive damages; d) award costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and e) grant other appropriate relief.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: michael@markolaw.com

Date:  August 17, 2022

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, **EMMETT TAYLOR**, by and through his attorneys, **MARKO LAW, PLLC**, and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: michael@markolaw.com

Date:  August 17, 2022